JUNE TERM
1836.

Duncan
v.
Travis.

*between the parties," to stand aside. Such an order is in accordance with the practice of the cir. cts. and tends to secure impartial jurors.*

---

### DUNCAN v. TRAVIS.

Where a cause is taken from a justice's court to the circuit court by mandamus from the cir. ct. it is error in the cir. ct. to reverse the judgment of the J. P. and enter up a judgment against the party who recovered in the court below. The ct. should proceed to a trial de novo.

APPEAL from Crawford circuit court.

Points and citations of authorities by counsel:

1. The circuit court erred in allowing an appeal and awarding a peremptory mandamus to the justice. 2. The appeal ought to have been dismissed, because the circuit court could not lawfully entertain it. 3. The court ought not to have reversed the judgment of the justice. 4. The court erred in not proceeding with the

cause de novo, if the appeal was, and the several final judgments, rendered by the court, without trial are not authorised by law.

JUNE TERM
1836.

Duncan
v.
Travis.

Opinion delivered by Wash judge.

Duncan commenced an action of debt against Travis, before a justice, and got a verdict and judgment, from which Travis appealed to the circuit court; much difficulty and delay attended the prosecution of the appeal, which was refused by the justice, on the ground that the affidavit and bond required by the statute, were not given or tendered; finally it came up under a mandamus from the circuit court. In the mean time, it appears that the constable had collected the amount of the judgment, recovered before the justice; but whether the money had been paid over to the plaintiff in the cause, did not appear. When the cause came up to the circuit court, that court reversed the judgment of the justice, and entered up judgment against Duncan the appellant, for the amount which appeared from the return of the constable to have been made by him upon the execution against Travis; to reverse which judgment, Duncan has appealed to this court.

*Statement of the case.*

On the trial in the circut court, several questions were raised, growing out of the sufficiency of the original affidavit of the plaintiff, on which the warrant was issued by the justice. The time and manner of praying the appeal by the defendant, the want of notice as required by the statute &c. which need not now be considered; the appearance of the parties before the justice of the peace and the proceeding to trial upon the merits, without objection to the affidavit on which the warrant was issued, cured every defect, if any existed therein. The circuit court in reversing the judgment of the justice and in entering up judgment against Duncan for the amount which appeared to have been collected by the constable, most clearly erred. The proper course was, to have proceeded to a trial de novo. The judgment of the circuit court, is therefore reversed, with costs and the cause remanded.

*Opinion of the court*

*Where a cause is taken from a justice's court to the cir. ct. by mandamus from the cir. ct. it is error in the cir. ct. to reverse the judgt. of the J. P. and enter up a judgt. against the party who recovered in the ct. below. The ct. should proceed to a trial de novo.*